**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| AMY DOHERTY-HEINZE, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DEFAMATION** |
| MICHAEL T. CHRISLEY, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW Plaintiff AMY DOHERTY-HEINZE ("Plaintiff"), and states her Complaint for Defamation against Defendant MICHAEL T. CHRISLEY ("Chrisley"), as follows:

## INTRODUCTION

1.      On July 9, 2021, Plaintiff sued Defendant Chrisley for defamation in this Court in Civil Action Number 3:21-CV-00105-TCB (the "2021 Action"), for Defendant's repeated false accusations that, among other things, Plaintiff engaged in various criminal misconduct in her post as an investigator for the Georgia Department of Revenue's Office of Special Investigations.  That action remains pending.

2.      After the filing of the 2021 Action against Defendant Chrisley, and despite receipt of a prior retraction demand and being sued, Defendant Chrisley continued to defame Plaintiff.

3.      On September 22, 2021, on his podcast, *Chrisley Confessions*, Defendant Chrisley falsely and maliciously accused Plaintiff of criminal conduct for which, he claimed, she should be prosecuted.  More specifically, Chrisley stated:

> There should be prosecution through the Georgia Bureau of Investigations through the illegal use of the GCIC program that was utilized by Amy Doherty-Heinze. So these things should be criminally prosecuted.  And it's now in the hand of Chris Carr, the Attorney General of the State of Georgia…. And I find it ironic that Amy Doherty-Heinze, after illegally accessing GCIC and pulling GCICs on myself, Julie, Chase, and Savannah … that she is now the victim that this has harmed her.

4.      Because Defendant Chrisley has again refused to retract his false and defamatory statements, Plaintiff is forced to bring this action to hold Chrisley responsible for his malicious defamation.

## **PARTIES**

5.      Plaintiff Doherty-Heinze is an individual resident and citizen of the State of Georgia, who resides in Coweta County, Georgia.

6.      Defendant Chrisley is an individual resident and citizen of the State of Tennessee, who, upon information and belief, resides and can be served at 9273 Exton Lane, Brentwood, Williamson County, Tennessee, 37027.

## JURISDICTION AND VENUE

7.      There exists complete diversity of citizenship between Plaintiff and Defendant.

8.      The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

9.      Therefore, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

10.     Venue is proper in the United States District Court for the Northern District of Georgia, Newnan Division, pursuant to 28 U.S.C. §§ 1391(b)-(c) because Plaintiff Doherty-Heinze resides in this judicial district.

11.     As this Court already held in the 2021 Action, Defendant Chrisley is subject to this Court's jurisdiction.

12.     This Court has personal jurisdiction over Defendant Chrisley pursuant to O.C.G.A. § 9-10-91 because he transacts business within the State of Georgia sufficient to anticipate being haled into court in the State of Georgia.

13.     This Court further has personal jurisdiction over Defendant Chrisley because he has filed a lawsuit in the Northern District of Georgia, Atlanta Division, relating to the same subject matter as his defamation of Plaintiff Doherty-Heinze.

14.     This Court further has personal jurisdiction over Defendant Chrisley because his defamation of Plaintiff has been directed specifically toward the State of Georgia, including false and defamatory accusations used by Defendant in an explicit effort to have Plaintiff's certification by the Georgia Peace Officer Standards and Training Council ("POST") revoked.

15.     This Court further has personal jurisdiction over Defendant Chrisley because his defamation of Plaintiff has been directed specifically toward the State of Georgia, including innumerable statements against the Georgia Department of Revenue, the Georgia Attorney General, and the entire Georgia legal system.

16.     Sufficient contacts exist with respect to Defendant, his business, and the claims at issue in this case to satisfy the requirements of due process as to Defendant.

## FACTUAL ALLEGATIONS

17.     Defendant Chrisley hosts a podcast and is a social media "personality" who had approximately 2.3 million followers on Instagram as of September 2022.

-4-

18.     Plaintiff was previously employed by the Georgia Department of Revenue (the "GDOR") as an investigator in the Office of Special Investigations.

19.     Beginning in or around 2017, the GDOR undertook an investigation of Defendant Chrisley and his wife, Julie Chrisley.

20.     Defendant Chrisley then began a social media campaign against the GDOR and certain of its employees, contending that the investigation was illegal and improperly motivated.

21.     In October 2019, Defendant Chrisley filed a lawsuit against Joshua Waites, who was the Director of the GDOR's Office of Special Investigations at the time of the investigation into the Chrisleys.  *See Chrisley v. Waites*, Case No. 1:19-cv-04610-LMM, United States District Court for the Northern District of Georgia (the "Waites Litigation").

22.     Aside from performing one discrete task, Plaintiff was not involved in the investigation of Defendant Chrisley.

23.     Nevertheless, in early 2020, Defendant Chrisley also began attacking Plaintiff and accusing her of a multitude of crimes and wrongdoing.

24.     Defendant Chrisley has not asserted any claims against Plaintiff in the Waites Litigation or otherwise.

25.     Defendant was recently convicted of, *inter alia*, tax fraud in the Northern District of Georgia, for which he awaits sentencing.

26.     All of Defendant Chrisley's accusations of wrongdoing against Plaintiff are false.

27.     Plaintiff served a retraction demand on Defendant Chrisley for the statements at issue in the 2021 Action on July 2, 2021.

28.     Plaintiff subsequently served a retraction demand on Defendant Chrisley on September 14, 2022, for the discrete additional false accusation subject of this action (the "Retraction Demand").  A true and correct copy of the Retraction Demand is attached hereto as Exhibit A.

29.     In response, Defendant Chrisley failed and refused to retract his false and defamatory accusations against Plaintiff.

## CAUSE OF ACTION FOR DEFAMATION

30.     Plaintiffs incorporate by reference paragraphs 1 through 29 of this Complaint as if fully stated herein.

31.     Defendant Chrisley has a podcast titled "Chrisley Confessions" which is publicly available in numerous locations, including Apple Podcasts, Spotify, iHeartRadio, Audible, PodcastOne, and other popular streaming services.

32.    Defendant Chrisley has made numerous false and defamatory accusations against Plaintiff during his podcasts.

33.    Indeed, as set forth in Plaintiff's 2021 Action, Defendant Chrisley has pursued a campaign to see Plaintiff terminated from her employment and criminally prosecuted.  In Defendant Chrisley's estimation, seeing Plaintiff terminated would have been an "underachievement."

34.    Defendant Chrisley's conduct is seemingly part of a vendetta he has against the GDOR and its employees arising from its investigation into Defendant.

35.    Despite being sued in the 2021 Action, Defendant Chrisley continued to defame Plaintiff.

36.    During Episode 154 of "Chrisley Confessions," which was released on September 22, 2021, Defendant Chrisley made the following verbal false and defamatory statements and gists about Plaintiff:

  a) There should be prosecution through the Georgia Bureau of Investigations through the illegal use of the GCIC program that was utilized by Amy Doherty-Heinze. So these things should be criminally prosecuted.  And it's now in the hand of Chris Carr, the Attorney General of the State of Georgia…. And I find it ironic that Amy Doherty-Heinze, after illegally accessing GCIC and pulling GCICs on myself, Julie, Chase, and Savannah … that she is now the victim that this has harmed her.

  a) The gist that Plaintiff is dishonest.

  b) The gist that Plaintiff is professionally corrupt.

c) The gist that Plaintiff has committed crimes.

*See, e.g.,* https://www.audacy.com/podcasts/chrisley-confessions-20830/154-false-allegations-the-circus-of-clowns-and-pushing-the-door-back-open-773052159 (last visited Sept. 20, 2022).

37.    The false and defamatory accusations and gists set forth above in Paragraph 36 are in hereinafter referred to as the "Slanderous Statements".

38.    The Slanderous Statements are of and concerning Plaintiff.

39.    The Slanderous Statements are false.

40.    It is false that Plaintiff illegally used the GCIC program in any respect or otherwise engaged in criminal conduct, including with regard to Defendant Chrisley, his wife Julie Chrisley, his son Chase Chrisley, or his daughter Savannah Chrisley.

41.    The Slanderous Statements are defamatory.

42.    Defendant Chrisley published the Slanderous Statements negligently and with actual malice, i.e., knowledge that the Slanderous Statements were false or with reckless disregard for their falsity.

43.    Defendant Chrisley knew that the Slanderous Statements were false and otherwise recklessly disregarded the truth of his accusations, including because

he had already received a retraction demand and been sued by Plaintiff in the 2021 Action for similar accusations.

44.     Defendant Chrisley knew that the Slanderous Statements were false, including because he fabricated information to support his false and defamatory accusations against Plaintiff.

45.     Defendant Chrisley negligently and recklessly published the Slanderous Statements, including by failing to conduct a reasonable investigation prior to publication by, without limitation, failing to consider or knowingly disregarding evidence that was available to him.

46.     Defendant Chrisley negligently and recklessly published the Slanderous Statements, including by relying on unreliable sources.

47.     Defendant Chrisley negligently and recklessly published the Slanderous Statements, including by relying on sources with a known bias against Plaintiff.

48.     Defendant Chrisley negligently and recklessly published the Slanderous Statements by burying his head in the sand, i.e., engaging in a purposeful avoidance of the truth, by, without limitation, ignoring publicly available records, failing to contact Plaintiff prior to publication to confirm the

truth or falsity of the Slanderous Statements, and ignoring accurate information conveyed by Plaintiff's family member and third parties to Defendant Chrisley.

49.    The Slanderous Statements constitute defamation per se, for which compensatory damages are presumed as a matter of law.

50.    Plaintiff has suffered actual damages as a direct result of the Slanderous Statements about her, including to her reputation.

51.    Plaintiff has suffered actual damages as a direct result of the Slanderous Statements about her, including emotional and mental distress.

52.    Plaintiff is entitled to an award of compensatory damages against Defendant Chrisley in an amount to be proven at trial.

53.    Defendant's conduct in publishing the Slanderous Statements was outrageous, malicious, wanton, oppressive, and willful, demonstrating that entire want of care that raises a conscious indifference to consequences.

54.    Defendant Chrisley published the Slanderous Statements with actual malice and common law malice, thereby entitling Plaintiff to an award of punitive damages against Defendant Chrisley.

55.    Defendant Chrisley has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, including by

making and refusing to retract his Slanderous Statements, and Plaintiff is entitled

to recovery of attorneys' fees pursuant to O.C.G.A. § 13-6-11.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff

the following relief against Defendant Chrisley:

A.     Compensatory damages in an amount to be proven at trial in excess of

$75,000;

B.     An award of attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11,

in an amount to be proven at trial;

C.     An award of punitive damages in an amount to be proven at trial; and

D.     Such other relief as the Court deems just and proper.


Dated:  September 22, 2022          By:  */s/ Nicole Jennings Wade*

                    Nicole Jennings Wade
                    State Bar No. 390922
                    nwade@wgwlawfirm.com
                    Jonathan D. Grunberg
                    State Bar No. 869318
                    jgrunberg@wgwlawfirm.com
                    G. Taylor Wilson
                    State Bar No. 460781
                    twilson@wgwlawfirm.com
                    WADE, GRUNBERG & WILSON, LLC
                    600 Peachtree Street N.E.
                    Suite 3900
                    Atlanta, GA 30308
                    Telephone:   (404) 600-1153

Facsimile:    (404) 969-4333

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts so triable.

Dated:  September 22, 2022          By:  */s/ Nicole Jennings Wade*

Nicole Jennings Wade
State Bar No. 390922
nwade@wgwlawfirm.com
Jonathan D. Grunberg
State Bar No. 869318
jgrunberg@wgwlawfirm.com
G. Taylor Wilson
State Bar No. 460781
twilson@wgwlawfirm.com

WADE, GRUNBERG & WILSON, LLC
600 Peachtree Street N.E.
Suite 3900
Atlanta, GA 30308
Telephone:    (404) 600-1153
Facsimile:    (404) 969-4333

*Attorneys for Plaintiff*

## CERTIFICATION UNDER L.R. 7.1D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this COMPLAINT FOR DEFAMATION is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1C.

This 22nd day of September, 2022.

/s/ Nicole Jennings Wade
Nicole Jennings Wade